IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| THOMAS HOLLOWAY | ) |
| | ) |
| *Plaintiff,* | ) Civil Action No: 3:23-cv-00038 |
| | ) |
| v. | ) |
| | ) Judge: Richardson |
| William Lee, Governor of the State | ) |
| of Tennessee, in his official capacity; | ) |
| | ) Magistrate Judge: Newbern |
| And, | ) |
| | ) |
| David Rausch, Director of the Tennessee | ) |
| Bureau of Investigation, in his official | ) |
| capacity; | ) |
| | ) |
| *Defendants.* | ) |

## COMPLAINT

1. Plaintiff Thomas Holloway brings this 42 U.S.C. § 1983 action alleging that Defendants' have violated and continue to violate Plaintiff's Constitutional right against *ex post facto* punishment through retroactive imposition on him of Tennessee's sex offender restrictions and monitoring requirements. Plaintiff seeks declaratory and injunctive relief against all Defendants, and compensation for his attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 54.

## PARTIES

2. Plaintiff Thomas Holloway is an adult resident of Davidson County, Tennessee.
3. Defendant William Lee is the Governor of the State of Tennessee.

1

4. Defendant David Rausch is the Director of the Tennessee Bureau of Investigation, a state agency with a primary enforcement role in Tennessee's sex offender registration scheme.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over the federal claims in this matter pursuant to 28 U.S.C. § 1331. Venue lies in this district pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides in this district.

## FACTUAL BACKGROUND

### A. Plaintiff's Background

6. Plaintiff is a sixty-one-year-old widowed father and grandfather.

7. Plaintiff has four grown children and eight grandchildren.

8. Plaintiff has a career in groundskeeping and works for Freeman Webb apartment company.

9. Plaintiff is a member of Fairfield Missionary Baptist Church.

10. On May 9, 1996, Plaintiff was convicted in the Davidson County, Tennessee Criminal Court of the offense of "Rape" under T.C.A. § 39-13-503 for an offense Plaintiff allegedly committed on March 25, 1995.[1]

11. Solely due to Plaintiff's May 9, 1996, conviction, Tennessee law deems Plaintiff a "Violent Sexual Offender" subject to lifetime registration on the sex offender registry.

12. Tennessee's laws deeming Plaintiff a "Violent Sexual Offender" and subjecting him to a panoply of obligations and restrictions were all passed several years after Plaintiff allegedly committed his offense.

---

[1] Plaintiff maintains his innocence as to the 1995 rape allegation, but acknowledges that he stands convicted based on his plea of guilt.

2

### B. Plaintiff's 1995 Offense

13. Plaintiff was sentenced to an eight-year sentence for his conviction, with the first year to be served "day for day" and then the remainder suspended to probation. Plaintiff was ordered to participate in the "Lifelines" treatment program at the Corrections Corporation of America[2] ("CCA"), a program providing drug and alcohol treatment.

14. Plaintiff completed his jail time and CCA treatment program, and then went on supervised probation.

15. Plaintiff violated his probation due to use of controlled substances, ultimately resulting in his probation being revoked. Plaintiff served the remainder of his sentence in Tennessee Department of Corrections ("TDOC") custody and was released in December 2003.

16. Plaintiff has not been arrested since his 2003 release from prison, and has not committed any sex offense since being convicted in 1996.[3]

### C. Tennessee's Sex Offender Registration and Monitoring Regime

17. In 1994, the year before Plaintiff's alleged offense, Tennessee passed its first sex offender registry law. However, this law required only that offenders register in a private law enforcement database.

18. In the years since then, Tennessee has repeatedly enacted laws adding to its sex offender registration regime in ways that make it more onerous, more public, and more restrictive for offenders.

---

[2] Now known as "CoreCivic."
[3] Again, Plaintiff maintains his innocence as to the 1995 rape allegation as well, but acknowledges that he stands convicted based on his plea of guilt.

3

19. In 2003 and 2004, Tennessee passed sweeping new restrictions on convicted sex offenders, hereinafter referred to as "SORA."

20. SORA imposed stringent registration and reporting requirements on statutorily-defined "sexual offenders" and "violent sexual offenders," and severely limited where sex offenders can live, work, and go.

21. In the years since then, Tennessee has periodically enacted amendments to SORA, almost all of which have made it even more draconian, intrusive, and punitive.

22. Under present law,[4] Tennessee's SORA regime requires the following affirmative obligations from Plaintiff, on pain of criminal prosecution:

   a. Quarterly registration with local law enforcement;

   b. Payment of annual registration and monitoring fees;

   c. Re-registration within ten days if Plaintiff relocates to a new municipality or county, even on a temporary basis for work or school;

   d. When in public, <u>always</u> carry his state-issued identification with him, which must have a "violent sex offender" designation on it.

23. Tennessee's SORA regime includes a "Tennessee Sex Offender Registry" website maintained by the Tennessee Bureau of Investigation ("TBI"), which makes the following information about Plaintiff public:

   a. Name

   b. Classification of "VIOLENT"

   c. Status of "ACTIVE"

   d. Date of birth

---

[4] T.C.A. § 40-39-201 *et seq.*

4

e. Full criminal history

   f. Residential address

   g. Race and gender

   h. Last date of information verification

   i. Most recent photograph submitted to TBI

   j. Driver's license and/or state identification number

   k. Physical description including height, weight, eye color, hair color, tattoos, scars, and marks

   l. Criminal history, including the date of all arrests and convictions, probation and/or parole status, and the existence of any outstanding warrants

   m. Address of Plaintiff's employer(s)

   n. License plate number and description of Plaintiff's vehicle(s)

24. SORA prohibits Plaintiff from the following, on pain of felony criminal prosecution:

   a. Working or residing within 1000' of a school, day care center, other child care facility, public park, playground, recreation center, or public athletic field;

   b. Having any contact or residing within 1000' feet of the alleged victim from Plaintiff's 1996 conviction, or the alleged victim's family members;

   c. Any of the following, unless picking up or dropping off his own child at school after giving written notice of his sex offender status to the school's principal, or attending a conference with officials at a school, day care, child care, recreation center, or playground with written permission from the administrator:

      i. Entering the premises of any school, day care center, other childcare facility, public park, playground, recreation center, or public athletic field when there is reason to believe that children may be present;

     ii. "Stand[ing], sit[ting] idly, or remain[ing]" within 1000' feet of any school, day care center, other child care facility, public park, playground, recreation center, or public athletic field "while not having a reason or relationship involving custody of or responsibility for a child or any other specific or legitimate reason for being there;"

    iii. Being within any vehicle owned, leased, or contracted by a school, day care, childcare, or recreation center when children under 18 years of age are present;

  d. Residing with two or more other convicted sex offenders;

  e. Being alone with a minor in a "private area."

  f. Residing with, or having an overnight visit, in a place in which a minor is present.

25. SORA authorizes the following:

  a. Public libraries may ban Plaintiff from their premises;

  b. Municipalities may implement a "community notification system" to alert members of the public should Plaintiff indicate his intention to move there;

  c. A municipality where Plaintiff resides may charge Plaintiff up to $50 per year toward the cost of its community notification system;

26. Under SORA, Plaintiff must comply with all of the impositions detailed at ¶¶ 22 – 25 for the rest of his life solely due to his 1996 conviction.

### D. Specific Impacts of SORA on Plaintiff

27. Solely due to his 1996 conviction, Plaintiff has been subjected to SORA enforcement since SORA's enactment in 2003 and 2004.

28. The impositions detailed at ¶¶ 22 – 25 have substantially interfered with Plaintiff's career, family, and overall enjoyment of life and will continue to substantially interfere so long as Plaintiff is subject to SORA.

29. SORA severely interferes with Plaintiff's family life. Plaintiff has eight grandchildren that he would like to spend time with, such as going to the park and attending their football games. One of Plaintiff's grandchildren is on a school football team that just won the state championship, and Plaintiff could not go to the game. Plaintiff is unable to spend time alone with his grandchildren, and must have a chaperone in order to have the children at his own house. Plaintiff cannot take his grandchildren to church, because he cannot be alone with them.

30. Plaintiff is an avid sports fan, particularly football, baseball and basketball, but because of SORA he cannot attend public sports events at athletic fields.

31. SORA also interferes with Plaintiff's work. Plaintiff has held a groundskeeping job with the same apartment management company for many years. If Plaintiff's SORA restrictions were removed, he could seek a promotion to maintenance which would provide at least a 50% increase in compensation. However, because of SORA Plaintiff cannot go inside apartments in which children reside, which prevents him from getting the maintenance promotion.

# CLAIMS FOR RELIEF

## COUNT I: EX POST FACTO VIOLATION IN VIOLATION OF ARTICLE I, § 10 OF THE U.S. CONSTITUTION
### (42 U.S.C § 1983)

### (ALL DEFENDANTS)

32. Plaintiff hereby reincorporates paragraphs 1 – 31 by reference.

33. As applied to Plaintiff, Tennessee's SORA regime constitutes "punishment" within the meaning of the *ex post facto* clause of Article I, § 10 of the U.S. Constitution.

34. Defendants Lee and Rausch are proper official capacity defendants because they both have roles in enforcing Tennessee's SORA regime.

35. Plaintiff is entitled to declaratory and injunctive relief prohibiting Defendants from continuing to enforce Tennessee's SORA regime on him in violation of his constitutional right against *ex post facto* punishment.

## REQUEST FOR RELIEF

**WHEREFORE**, these premises considered, Plaintiff prays:

1. That the Defendants Answer this Complaint within the time provided by law.

2. That the Court grant a preliminary injunction enjoining Defendants from enforcing Tennessee's SORA regime against Plaintiff solely on the basis of his 1996 conviction.

3. That judgment for Plaintiff enter against the Defendants on each count.

4. That the judgment declare that it is unconstitutional for Tennessee and its officials to retroactively impose its SORA regime on Plaintiff solely on the basis of his 1996 conviction.

5. That the judgment permanently enjoin Defendants from enforcing Tennessee's SORA restrictions against Plaintiff solely on the basis of his 1996 conviction.

6. That Plaintiff be awarded his attorney's fees and reasonable litigation expenses, including expert witness fees, pursuant to 42 U.S.C. § 1988 and F.R. Civ. Pro. 54(d).

7. That the court costs in this matter be taxed to Defendants.

8. That Plaintiff be awarded all other relief to which it may appear he is entitled in the interests of justice.

Respectfully submitted,

*s/ Kyle Mothershead*
Kyle Mothershead, BPR 22953
Relentless Advocacy, PLLC
2901 Dobbs Ave
Nashville, TN 37211
T: (615) 429-4717 / F: (615) 229-6387
E: Kyle@relentlesslaw.com

9

# VERIFICATION

I, **Thomas Holloway**, declare as follows:

1. I am the Plaintiff in the present case and a citizen of the United States of America.

2. I have personal knowledge of the allegations detailed in paragraphs 6 – 16 and 27 – 31 of the above Complaint.

3. I declare under penalty of perjury and the laws of the United States that the allegations at paragraphs 6 – 16 and 27 – 31 are true and correct to the best of my knowledge, information and belief.

_____  _____
Thomas Holloway                                              Date

*Signed: Thomas E. Holloway — 2-15-2023*